IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **BEATRICE STERLING** | **PLAINTIFF** |
| v. | CAUSE NO. 1:15CV384-LG-RHW |
| **LOWE'S HOME CENTERS, LLC** | **DEFENDANT/ THIRD-PARTY PLAINTIFF/ COUNTER DEFENDANT** |
| v. | |
| **NEXUS CORPORATION** | **THIRD-PARTY DEFENDANT/ COUNTER CLAIMANT** |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS NEXUS CORPORATION'S COUNTERCLAIM

BEFORE THE COURT is Lowe's Home Centers, LLC's Motion [77] to Dismiss Nexus Corporation's Counterclaim. Nexus has responded in opposition, and Lowe's has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be granted because Nexus' claim against Lowe's is non-justiciable at this time.

BACKGROUND

Plaintiff Sterling filed a Complaint against Defendant Lowe's in the Circuit Court of Jackson County, Mississippi, after she slipped and fell on water and algae on the floor of the Lowe's store in Gautier, Mississippi. Lowe's then filed a Third-Party Complaint against Nexus, alleging that a defect in Nexus' plant watering table was the cause for the water and algae on the floor. (3d Party Compl. 3, ECF No. 57). Lowe's third-party claims against Nexus are for indemnity and declaratory judgment. (*Id.* at 3-4).

After the case was removed to this Court, Nexus answered the Third-Party Complaint and brought a cross-claim against Lowe's:

> NOW ASSERTING ITSELF AS PLAINTIFF IN CROSS-CLAIM, defendant Nexus Corporation does hereby make demand upon Lowe's Home Centers, LLC[ ] under the doctrine of implied indemnification for any and all damages it is ordered to pay plaintiff Beatrice Sterling and for all attorney's fees, court costs and expenses incurred by Nexus Corporation in conjunction with its defense of the Sterling claim as well as its pursuit of indemnification from Lowe's Home Centers, LLC.

(Nexus Ans. 6, ECF No. 64).

## DISCUSSION

Lowe's moves for dismissal of Nexus' cross-claim, because it is premised on Nexus' potential liability to Sterling, when Sterling has not brought any claims against Nexus. Lowe's therefore contends that Nexus' cross-claim is nonjusticiable under the ripeness doctrine.

As a preliminary matter, although denoted as a cross-claim in Nexus' answer, the parties agree that Nexus' claim against Lowe's is in fact a counterclaim. The third-party practice at issue here is governed by Fed. R. Civ. P. 14. In responding to a third-party complaint, a third-party defendant must assert its Rule 12 defenses and any compulsory counterclaim against the third-party plaintiff. Fed. R. Civ. P. 14(a)(2)(A) & (B). Crossclaims may be filed "against another third-party defendant under Rule 13(g)." Fed. R. Civ. P. 14(a)(2)(B). Lowe's is the third-party plaintiff, not "another third-party defendant." *Id.* Thus, the appropriate label for Nexus' claim against Lowe's is counterclaim rather than cross-claim.

Lowe's argues that the counterclaim must be dismissed because it is not yet

ripe. Nexus demands indemnification from Lowe's for any damages Nexus is "ordered to pay plaintiff Beatrice Sterling." (Nexus Ans. 6, ECF No. 64). Lowe's notes, and Nexus acknowledges,[1] that Sterling has not brought any claims against Nexus; her claims are only against Lowe's. Lowe's argues that Nexus cannot be ordered to pay any damages to Sterling as the case now exists, and therefore the claim is nonjusticiable because it is not ripe.

The Fifth Circuit has explained the ripeness doctrine to be that "'[a] controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.'" *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)); *see also United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). Measured by this standard, Nexus' counterclaim against Lowe's is clearly not ripe unless and until Sterling brings a damages claim against Nexus. For that reason, the counterclaim should be dismissed without prejudice to reassertion by Nexus in the future if circumstances merit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Lowe's Home Centers, LLC's Motion [77] to Dismiss Nexus Corporation's Counterclaim is **GRANTED**. The counterclaim alleged by Nexus Corporation against Lowe's Home

---

[1] Nexus states that "it is unknown if plaintiff will amend to name Nexus as a direct defendant, now that trial has been re-set and new deadlines are in place." (Nexus Resp. 2, ECF No. 80).

Centers, LLC, is **DISMISSED** without prejudice.

**SO ORDERED AND ADJUDGED** this the 17th day of October, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE